IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LUIS REYES-PEREZ, | § | |
|     Petitioner, | § | |
| | § | EP-24-CV-334-KC |
| v. | § | EP-19-CR-308-KC-3 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## ORDER FOR RESPONDENT TO ANSWER

Movant Luis Reyes-Perez, Federal Prisoner Number 15545-579, challenges his sentence through a *pro se* motion under 28 U.S.C. § 2255. Mot. to Vacate, ECF No. 219.[1] His motion raises issues which require an answer from Respondent United States of America (the Government).

## BACKGROUND AND PROCEDURAL HISTORY

Movant is a 53-year-old inmate currently confined to the Federal Correctional Institution Oakdale, Louisiana. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc/ (search for Reg. 15545-579, last visited Oct. 4, 2024). His anticipated release date is August 27, 2036. *Id.*

Movant facilitated the transportation of methamphetamine, cocaine, and marijuana for the Sanchez-Morales Drug Trafficking Organization for approximately 14 years. Presentence Investigation, ECF No. 522 at ¶ 61. He would receive shipments of methamphetamine brought into the United States through ports of entry from Mexico and transfer them into compartments inside the fuel tank of his yellow 2000 Freightliner semi-tractor trailer. *Id*. He would then transport the methamphetamine from El Paso, Texas, to Atlanta, Georgia. *Id*. He was responsible for

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-19-CR-308-KC-3. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

transporting 567 kilograms of methamphetamine (actual), 31 kilograms of cocaine, and 361.9 kilograms of marijuana. *Id.* at ¶ 62.

Movant was named in three counts of a seven-count indictment. Unredacted Indictment, ECF No. 13. He was charged with conspiracy to possess with the intent to distribute more than 500 grams of a detectable amount of methamphetamine (Count 3), conspiracy to import more than 500 grams of a detectable amount of methamphetamine (Count 4), and conspiracy to possess with the intent to distribute more than 100 kilograms of marijuana (Count 5). *Id.* He pleaded not guilty and proceeded to trial. At the close of the Government's case, he moved for a judgment of acquittal on all counts and did not present any evidence. His motion was denied, and he was found guilty by a jury on Count 3 and Count 4. Verdict Form, ECF No. 512. Based upon a total offense level of 40 and a criminal history category of I, Movant's guideline imprisonment range was 292 months to 365 months. Statement of Reasons, ECF No. 531 at 1. He was initially sentenced below the guidelines to 240 months' imprisonment due to his physical condition. J. Crim. Case, ECF No. 530. He was later re-sentenced to 235 months' imprisonment. Am. J. Crim. Case, ECF No. 589.

In his direct appeal, Movant challenged "the sufficiency of the evidence supporting his knowledge of and voluntarily participation in agreements to import and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine." *United States v. Sanchez Morales*, No. 23-50277, 2024 WL 1531438, at *3 (5th Cir. Apr. 9, 2024).

The Fifth Circuit Court of Appeals rejected Movant's arguments. It reasoned three coconspirators testified at trial about Movant's participation in the methamphetamine conspiracies. *Id.* It noted that this "testimony was corroborated by surveillance footage,

photographs, and Reyes-Perez's stipulation." *Id*. It concluded that "[i]n light of this evidence, a reasonable jury could conclude beyond a reasonable doubt that Reyes-Perez knowingly and voluntarily participated in the aforementioned methamphetamine conspiracies." *Id*. (citing *United States v. Ragsdale*, 426 F.3d 765, 770–71 (5th Cir. 2005). Accordingly, it concluded that "the district court did not err by denying his motion for a judgment of acquittal as to Count Three and Count Four." *Id*.

Movant raises seven ineffective-assistance-of-counsel claims in a timely § 2255 motion. Mot. to Vacate, ECF No. 618. First, he submits that his counsel provided ineffective assistance during the plea, pretrial, and sentencing phases of the proceedings brought against him when they failed to apprise him of facts, omitted and misled him about vital case information, failed adequately consult with him, and waived his exclusive right decide whether to plead guilty or opt to go to trial. Mem. in Supp., ECF No. 619 at 7. Second, he alleges that his attorneys failed to adequately counsel him regarding the difference between accepting a plea offer and going to trial. *Id.* Third, he claims his guilty plea is null and void because it was unknowingly, unintelligently, and involuntarily made due to his counsel interfering with his exclusive right to make the decision to stand trial or accept a plea offer. *Id*. at 8. Fourth, he avers his counsel forced him to enter a plea of guilty, failed to show him all the evidence, failed to obtain all the evidence, failed to explain all the evidence, and failed to provide all the discovery to him for inspection. *Id*. at 10. Fifth, he contends his counsel failed to properly challenge his arrest, his arrest warrant, and the statements of the witnesses. *Id.* at 11. Sixth, he claims his counsel failed to inform him of his sentencing exposure and the difference between pleading guilty and pleading not guilty. *Id.* at 11. Finally, he asserts his counsel was ineffective for failing to renew the motion for a judgment of acquittal. *Id.*

3

He asks for an evidentiary hearing and for the Court to "[i]ssue a writ of habeas corpus Granting new proceedings to cure all constitutional defect in the federal proceedings that resulted in [Movant's] Federal conviction." *Id.* at 14. He also asks for leave to utilize discovery tools, appointed counsel, and permission to amend his claims. Pet'r's Pet., ECF No. 612 at 12.

## REQUEST FOR HEARING

"A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merits of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)). "[S]peculative and unsupported accusations ... do not entitle a defendant to an evidentiary hearing." *Id.* at 374.

Movant's cursory and unsupported assertions that his counsel provided ineffective assistance—and his request to "grant an evidentiary hearing so that this Court may properly evaluate the facts that were [already] presented at pretrial, trial, sentencing, and in this pleading"—simply fall far short of his burden to establish that an evidentiary hearing would be warranted in this § 2255 habeas case. *See* Mem. in Supp., ECF No. 619 at 1.

Movant's request for an evidentiary hearing is **DENIED WITHOUT PREJUDICE** subject to the Court, *on its own motion*, reconsidering the request if it determines a hearing is warranted. *See* 28 U.S.C. foll. § 2255 R. 8(a)

## REQUEST FOR DISCOVERY

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Parties must obtain leave of the Court to conduct discovery in proceedings pursuant to Rule 6 of the

4

Rules Governing Section 2255 Proceedings. *See* 28 U.S.C. foll. § 2255 R. 6(a) (stating that leave of Court is required before parties in a § 2255 proceeding may engage in discovery). Furthermore, a court may authorize discovery in a § 2255 proceeding only upon a showing of good cause. *Id.* Interpreting a similar rule governing proceedings under 28 U.S.C. § 2254, the Fifth Circuit has held that "[g]ood cause may be found when a petition for a writ of habeas corpus 'establishes a *prima facie* claim for relief.'" *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (quoting *Harris v. Nelson*, 394 U.S. 286, 290 (1969)); *see also Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000). So, before authorizing discovery, the Court must first conclude that the specific allegations in the motion "'show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Id.* (quoting *Gibbs v. Johnson*, 154 F.3d 253, 258 (5th Cir. 1998)). In that regard, a movant's factual allegations "must be specific, as opposed to merely speculative or conclusory, to justify discovery." *Id.* "Simply put, Rule 6 does not authorize fishing expeditions." *Id.*; *see also Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

Here, Movant's factual allegations are speculative and conclusory—and they do not justify discovery. Additionally, he has failed to provide specific reasons for the request, proposed interrogatories, requests for admissions, and requests for specific documents. *See* 28 U.S.C. foll. § 2255 R. 6(b)

Movant's request for discovery hearing is **DENIED WITHOUT PREJUDICE** subject to the Court, *on its own motion*, reconsidering the request if it determines discovery is warranted. *See* 28 U.S.C. foll. § 2255 R. 6(a).

## REQUEST FOR APPOINTMENT OF COUNSEL

Prisoners do not "have a constitutional right to counsel when mounting collateral attacks upon their convictions." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). But a court may, in its discretion, appoint counsel when "exceptional circumstances are present." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The existence of exceptional circumstances will turn on "the type and complexity of the case, and the abilities of the individual bringing it." *Id.* And a court must appoint counsel to represent a § 2255 movant if it determines that he qualifies for appointed counsel under 18 U.S.C. § 3006A, and that counsel is necessary for effective discovery or for an evidentiary hearing. *See* 28 U.S.C. foll. § 2255 Rule 6(a) (requiring a district court to assign counsel to financially eligible defendants "[i]f necessary for effective discovery"); 28 U.S.C. foll. § 2255 Rule 8(c) (requiring a district court to appoint counsel to financially eligible defendants "[i]f an evidentiary hearing is warranted").

After reviewing the record, the Court finds that the issues presented by Movant in his pleadings are not particularly complex. The Court further finds there are no exceptional circumstances present in this case. The Court also finds it does not appear that counsel will be necessary for either effective discovery or an evidentiary hearing. The Court finally finds the appointment of counsel at this time would require an unnecessary use of limited judicial resources.

Movant's request for appointed counsel is **DENIED WITHOUT PREJUDICE**. If the Court later determines discovery warranting the appointment of counsel is required, orders an evidentiary hearing or otherwise concludes that appointment of counsel is necessary, the Court will, *on its own motion*, appoint counsel to assist him.

**STANDARD OF REVIEW**

Rule 4 of the Rules Governing Section 2255 Proceedings requires a district court to engage in a *sua sponte* review of all § 2255 motions before proceeding. 28 U.S.C. foll. § 2255. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition." *Id*. "If the motion is not dismissed, the judge must order the United States Attorney to file an answer." *Id.*

## CONCLUSION AND ORDERS

After a preliminary examination of Movant's § 2255 motion, the Court concludes that summary dismissal is not appropriate. Accordingly, the Court enters the following **ORDERS** and **ADVISORIES**:

  A. The District Clerk is **ORDERED** to serve copies of Movant's § 2255 motion and this order upon the Government through the United States Attorney for the Western District of Texas.

  B. The Government is **ORDERED** to answer in accordance with Rule 5 of the Rules Governing Section 2255 Proceedings within **SIXTY (60) DAYS** after receiving this order. It is advised that confidential documents, if provided to the Court in support of its answer or other responsive pleading, should be submitted under seal.

  C. Movant shall have **SEVEN (7) DAYS** from the date the Government serves him with a copy of its answer or other responsive pleading to file a reply if he so desires. W.D. Tex. Civ. R. 7(f)(2). He is advised that service by mail is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C). However, an additional three days are added when service is made by mail. Fed. R. Civ. P. 6(d). He is also advised that any such reply should be limited to **TEN (10) PAGES, DOUBLE-SPACED**, without prior permission of the Court. W.D. Tex. Civ. R. 7(f)(2). He is

further advised that the Court need not await his reply before ruling on his § 2255 motion. W.D. Tex. Civ. R. 7(f)(3).

    D. The Court advises the Movant and the Government that it will not search the record for evidence and may not consider any statement which is not supported by a citation to the record.

    E.    **THE GOVERNMENT** shall note and comply with the following:

        1.    <u>Liberal Construction of *Pro Se* Pleadings</u>

The Government is advised that the Court will read properly filed *pro se* pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). It should therefore also read the pleadings liberally and answer accordingly.

        2.    <u>Motions to Vacate Pursuant to 28 U.S.C. § 2255 in Which the Movant Raises One or More Ineffective Assistance of Counsel Claims</u>

The Government shall include with its answer or other responsive pleading an affidavit from the attorney or attorneys alleged to have rendered ineffective assistance during Movant's representation. That affidavit shall address the specific allegations made by Movant in the § 2255 motion. In the event the Government is for good cause unable to obtain an affidavit from Movant's counsel, the Government shall so state and explain in its answer.

    F.    **MOVANT** shall note and comply with the following:

        1.    <u>Duty to Inform Court of Change of Address</u>

Movant must *immediately* notify the District Clerk and the Government's counsel in writing of any change in his address. He shall caption any such change of address advisory as "Notice to the Court of Change of Address" and must not include any motion or other matter in such notice. His notice shall contain only information pertaining to the address change and the effective date of such change of address. His failure to immediately notify the District Clerk and

the Government's counsel of any change in his mailing address may be interpreted by the Court as a failure to prosecute and may result in the Court dismissing his § 2255 Motion without further notice to him.

      2.    <u>Duty to Place Federal Register Number, Name of Institution, and Mailing Address on the Face of Every Document the Movant Submits to the District Clerk for Filing</u>

Movant's federal register number (prisoner number) is necessary to identify him and to facilitate service of Court papers upon him by the District Clerk and the Government. His prisoner number, name of his institution, and mailing address should therefore appear on the face of all documents he submits to the District Clerk for filing. He is warned that documents submitted for filing with the District Clerk that do not bear this information on their face may be struck from the record and returned to Movant with notice of the deficiencies.

      3.    <u>Duty to Serve Opposing Counsel</u>

Both the Federal Rules of Civil Procedure and this Court's Local Rules oblige Movant to send to the Government's counsel of record a copy of all pleadings, motions, or other documents submitted to the District Clerk for filing. Furthermore, the Court may disregard any pleading, motion, or other document submitted for filing by Movant that does not contain the "certificate of service" required under Federal Rule of Civil Procedure 5(d) which states the date and method (*e.g.*, hand delivery, certified mail, or regular mail) by which he sent the document to the Government.

      4.    <u>Duty to Otherwise Comply with the Federal Rules of Civil Procedure, Rules Governing Section 2255 Cases, and the Local Rules of This District</u>

Movant is advised that *pro se* parties must comply with relevant rules of procedural and substantive law. *Hulsey v. State*, 929 F.2d 168, 171 (5th Cir. 1991). He should

therefore become familiar with the Federal Rules of Civil Procedure, the Rules Governing Section 2255 Cases, and the Local Rules of the Western District of Texas to avoid delay in the filing or disposition of his pleadings. If he submits pleadings for filing that do not conform to these rules they may be struck from the record and returned to him with a notice of the deficiencies.

SIGNED this 7th day of October, 2024.

*[signature: Kathleen Cardone]*

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE